UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHY WU, on behalf of herself and all
other persons similarly situated,

                      Plaintiffs,

                 -against-

JENSEN-LEWIS CO., INC. and JENSEN-
LEWIS EAST, INC.,

                      Defendants.

**OPINION AND ORDER**

17 Civ. 6534 (ER)

Ramos, D.J.:

This case is a putative class action by a legally blind plaintiff, Kathy Wu, claiming that the website of Jensen-Lewis Co., Inc. and Jensen-Lewis East, Inc. (jointly, "Jensen-Lewis") is not compliant with the Americans with Disabilities Act ("ADA") because it is not fully and equally accessible to Wu and other blind or visually impaired people. Before the Court is Jensen-Lewis's motion to dismiss Wu's complaint for lack of subject matter jurisdiction and for failure to state a claim. For the reasons that follow, the motion is DENIED.

**I.    BACKGROUND**

Wu is a resident of Brooklyn, NY. Compl. ¶ 11. As a blind person, she is considered to be an individual with a disability under the ADA. 42 U.S.C. § 12102. In order to browse websites on her computer, Wu must use a screen-reading software. Compl. ¶ 2. Screen readers work by vocalizing the visual information found on a computer screen and/or displaying the content on a refreshable Braille display. Compl. ¶ 17.

Jensen-Lewis is a business with its principal executive offices in New York, NY. Compl. ¶¶ 12–13. Jensen-Lewis operates brick-and-mortar retail furniture stores in the Southern District

of New York and elsewhere in the United States. Compl. ¶¶ 12–14. Jensen-Lewis also operates a website, www.Jensen-Lewis.com, on which users can find information about store locations, hours of operation, the services provided in its stores, special promotions, return policies, and shipping and delivery policies. Compl. ¶ 22. Wu visited Jensen-Lewis's website multiple times, with the last visit occurring in August 2017, and claims to have encountered multiple access barriers while browsing the website. Compl. ¶ 25. Wu was unable to access information about store location and hours, applicable special promotions, return policies, and shipping and delivery policies. *Id.*

On August 28, 2017, Wu filed the instant complaint, Doc. 1, alleging that Jensen-Lewis's website posed accessibility barriers in violation of Title III of the ADA, 42 U.S.C. § 12181 et seq., the New York State Human Rights Law, N.Y. Exec. L. § 296(2) et seq., the New York State Civil Rights Law, N.Y. CVR § 40-c(2) et seq., and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107. Wu seeks (1) preliminary and permanent injunctive relief preventing Jensen-Lewis from violating the applicable federal, state, and local laws; (2) declaratory relief stating Jensen-Lewis operates its website in a manner that discriminates against the blind; (3) an order under Rule 23 certifying a nationwide class, a New York State subclass, and a New York City subclass of all legally blind individuals who have attempted to access Jensen-Lewis's website, of which Wu would be the Class Representative and her attorneys Class Counsel; (4) compensatory, statutory, and punitive damages and fines under N.Y.C. Admin. Code § 8-107 and N.Y. Exec. L. § 296(2) et seq.; (5) pre- and post-judgment interest; and (6) attorneys' and experts' fees and costs.

On February 12, 2018, months after Wu filed her complaint but before Jensen-Lewis filed the instant motion to dismiss, Jensen-Lewis revamped its website. Def.'s Mem. at 4.

Jensen-Lewis claims that its new website contains "entirely new code" and new functions, including the ability to electronically process sales. *Id.* Wu concedes that the revamp makes the "old website" that she originally accessed "irrelevant." Pl.'s Mem. at 3. However, Wu argues that the revamped website contains the same barriers alleged in her complaint. *Id.*

On March 7, 2018, Jensen-Lewis moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Doc. 19.

## II.    LEGAL STANDARD

A district court must dismiss a case under Rule 12(b)(1) for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Lack of subject matter jurisdiction is not waivable and a party or the court may raise it at any time as a reason to dismiss the case. *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003). A plaintiff has the burden of proving that subject matter jurisdiction exists. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). Where the district court relies solely on the pleadings and supporting affidavits, the plaintiff need only make a *prima facie* showing that subject matter jurisdiction exists. *Id.*

On a motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). The court is not, however, required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also id.* at 681 (citing *Twombly*, 550 U.S. at 551). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on

its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## III. DISCUSSION

### A. *Subject Matter Jurisdiction*

As an initial matter, Jensen-Lewis contends that the Court lacks subject matter jurisdiction over this case because the complaint has been rendered moot by Jensen-Lewis's new website, which went live on February 12, 2018, after the filing of the instant complaint. Def.'s Mem. at 4. This new website, Jensen-Lewis claims, is "fully accessible" and was "developed to be in substantial compliance with the ADA and guidelines of WCAG 2.0."[1] Def.'s Mem. at 12. The Court disagrees with Jensen-Lewis that the case is consequently now moot.

A court lacks subject matter jurisdiction in a case brought pursuant to Title III of the ADA if the alleged discriminatory conduct is moot because in that event, there is no longer any case or controversy under Article III. *See Christian v. New York State Bd. of Law Examiners*, 899 F. Supp. 1254, 1256 (S.D.N.Y. 1995). A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). A defendant cannot, however, automatically moot a case by voluntarily ending the unlawful conduct alleged in a plaintiff's complaint. *Id.* Rather, a request

---

[1] "WCAG 2.0" refers to version 2.0 of the Web Content Accessibility Guidelines, which were developed by the Accessibility Guidelines Working Group of the World Wide Web Consortium, the main international standards organization for the World Wide Web. *See Web Content Accessibility Guidelines (WCAG) 2.0*, W3C (Oct. 22, 2018, 5:46 PM), https://www.w3.org/TR/WCAG20/. WCAG 2.0 prescribes "a wide range of recommendations for making Web content more accessible" to "people with disabilities, including blindness and low vision[.]" *Id.*

for injunctive relief under the ADA will only be deemed moot if the defendant meets the "formidable burden" of demonstrating that it is "absolutely clear the alleged wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). Otherwise, upon dismissal a defendant could simply resume its conduct. *See Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012).

That Jensen-Lewis has a new website is relevant only if the new website is ADA-compliant. Jensen-Lewis does not convincingly show that its new website is ADA-compliant, consequently, it has not shown that the "wrongful behavior" has permanently ceased. Wu's ADA claim is therefore not moot.

*Feltenstein v. City of New Rochelle*, 254 F. Supp. 3d 647 (S.D.N.Y. 2017), is instructive. In that case, the plaintiff sued the City of New Rochelle over a non-ADA compliant parking garage. *Id.* at 650. As part of its motion for summary judgment, New Rochelle submitted an affidavit attesting that the parking garage had been brought into compliance such that the case was now moot. *Id.* at 657. Nonetheless, the court found that New Rochelle had failed to provide detail sufficient to establish that the parking garage had become ADA-compliant, and thus failed to moot the plaintiff's claims. *See id.* Jensen-Lewis does less than New Rochelle in its motion to dismiss—it does not provide any affirmative showing that its current website is ADA-compliant, and will remain that way, beyond asserting so and citing to the website itself. The Court finds that Jensen-Lewis has thus not mooted Wu's claim.

Alternatively, Jensen-Lewis argues that the mere fact it has a website different from the one Wu attempted to access moots her complaint, since she alleges defects with a place of public accommodation, the old website, that no longer exists. But Wu does not allege that Jensen-

5

Lewis's website itself is a place of public accommodation. She instead alleges that Jensen-Lewis's brick-and-mortar stores are public accommodations and that its website is a service, privilege, or advantage of its stores. Compl. ¶ 49; *cf. Gil v. Winn Dixie Stores, Inc.*, 242 F. Supp. 3d 1315, 1321 (S.D. Fla. 2017) (holding that defendant's website's alleged inaccessibility denied plaintiff equal access to the "services, privileges, and advantages" of defendant's "physical stores"). If Jensen-Lewis's new website suffers from the same defects as its old website, then Wu continues to suffer the discrimination in services alleged in her ADA claim.

B.   *The Complaint States A Claim Against Jensen-Lewis*

Jensen-Lewis argues that, even if subject matter jurisdiction over the ADA claim is present, Wu's ADA claim must be dismissed because she fails to plausibly allege that Jensen-Lewis discriminated against her. The Court finds otherwise.

To state a claim under Title III of the ADA, a plaintiff must allege that (1) she is disabled within the meaning of the ADA; (2) defendants own, lease, or operate a place of public accommodation; and (3) defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide.[2] *See* 42 U.S.C. § 12182(a); *Del-Orden v. Bonobos, Inc.*, 2017 WL 6547902, at *12 (S.D.N.Y. Dec. 20, 2017) (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008)). The Second Circuit has held that Title III requires operators of public accommodations to grant disabled people more than just equal physical access; operators must also ensure disabled people have full and equal access to the services provided. In *Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28 (2d Cir. 1999), *opinion amended on denial of reh'g*, 204 F.3d 392 (2d Cir. 2000), the Second Circuit rejected an insurance company's

---

[2] Wu alleges, and Jensen-Lewis does not dispute, that as a blind person she is disabled within the meaning of the ADA and that Jensen-Lewis operates a place of public accommodation.

argument that Congress merely "intended the [ADA] to ensure that the disabled have physical access to the facilities of insurance providers," *id.* at 32. It held instead that Title III also prohibited the company—which operated a brick-and-mortar insurance office—from discriminating against disabled people by refusing to sell them insurance. *Id.* at 32–33. *Pallozzi* suggests that Title III also regulates the website of a defendant who operates a place of public accommodation, insofar as the website is a service provided by the defendant. Indeed, multiple district courts in the Second Circuit have so held.[3] *See Del-Orden*, 2017 WL 6547902, at *4–5 (collecting cases). Because the parties do not dispute that Title III prohibits Jensen-Lewis from having a website that discriminates against disabled people, the Court assumes without deciding that Title III applies to the private commercial websites of retail outlets with brick-and-mortar stores, like Jensen-Lewis.

Wu alleges that Jensen-Lewis discriminated against her in violation of the ADA by having features on its website that posed accessibility barriers to the blind, thereby denying her equal access. Though Jensen-Lewis changed its website after Wu filed her complaint, Wu argues that the accessibility barriers she alleged still apply. In her complaint, Wu cites four such barriers. First, Wu alleges that graphical images on Jensen-Lewis's website lack alternative text ("alt-text") or a text equivalent. Compl. ¶ 26a. Alt-text enables screen-reading software to vocalize a description of an image to users. Second, Wu alleges that Jensen-Lewis's website has empty links that contain no text. Compl. ¶ 26b. These empty links' functionality is confusing to screen-reader users. Third, Wu alleges that the website contains redundant, adjacent links.

---

[3] Additionally, the First and Seventh Circuits have held that Title III applies to businesses that have no physical locations that members of the public can enter, like web-based businesses. *See Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 559 (7th Cir. 1999) (holding that the "core meaning" of Title III "is that the owner or operator of a store, hotel, restaurant, . . . Web site, or other facility" open to the public cannot discriminate against disabled persons); *Carparts Distribution Ctr., Inc. v. Auto. Wholesaler's Ass'n of New England, Inc.*, 37 F.3d 12, 19 (1st Cir. 1994) (holding that "public accommodation" includes "providers of services which do not require a person to physically enter an actual physical structure," like "travel services [that] conduct business by telephone").

7

Compl. ¶ 26c. Redundant, adjacent links go to the same URL address, resulting in additional, unnecessary navigation efforts for screen-reader users. Fourth, Wu alleges that linked images on the website lack alt-text. Compl. ¶ 26d. Without alt-text, a user would not know what function a linked image has when he or she clicks on it.

The Court finds that these allegations, taken as true, plausibly show that Jensen-Lewis discriminated against Wu by denying her a full and equal opportunity to use its website. They are specific facts concerning Jensen-Lewis's website. Consequently, Wu has made a plausible claim under Title III of the ADA.[4, 5]

Finally, Jensen-Lewis does not argue that Wu failed to adequately plead any of the state law claims. Instead, Jensen-Lewis argues that, because Wu's ADA claim is moot, there remains no federal question for the Court to adjudicate and the Court thus has no supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims. Because the Court finds that Wu's ADA claim is not moot, however, supplemental jurisdiction, and Wu's state law claims, remain.

---

[4] Jensen-Lewis argues that if the Court were to accept Wu's claims as properly pled, it would endorse a "chilling effect" on protected commercial speech by allowing any plaintiff to sue a website owner using boilerplate allegations. Def.'s Mem. at 14. But as the Court has described in this opinion, Wu offers more than just boiler-plate allegations in her complaint.

[5] In addition to Wu's complaint, the Court reviewed Jensen-Lewis's website for the limited purpose of determining whether Wu's claim is plausible. The Court is permitted to do so because the website is incorporated by reference in Wu's complaint and is thus cognizable on a motion to dismiss, see *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 694 n.3 (S.D.N.Y. 2009). Indeed, both parties acknowledge that the Court may consult the website, *see* Pl.'s Br. at 3; Def.'s Mem. at 9. If the website reveals facts clearly inconsistent with Wu's allegations, the website controls for the purposes of the Court's analysis. *See Del-Orden*, 2017 WL 6547902, at *12 n.11 (citing *Orozco v. Fresh Direct, LLC*, 2016 WL 5416510, at *5 (S.D.N.Y. Sept. 27, 2016)) ("Had the website been clearly inconsistent with [plaintiff's] description of it, the website would have controlled.").

Acknowledging that its judgment is no substitute for that of an expert's, the Court finds that its review of the website is inconclusive as to whether Wu's allegations are plausible. The Court found that images and image links consistently contained alt-text and did not identify any redundant links. The Court could neither verify nor contradict Wu's allegations that Jensen-Lewis's website contained empty links. Because the results of the Court's review are not "clearly inconsistent" with Wu's allegations, the Court instead bases its conclusion, as stated above, on the fact that Wu plausibly pled a Title III violation.

## IV. CONCLUSION

For the reasons set forth above, Jensen-Lewis's motion to dismiss is DENIED. The parties are directed to appear for an initial pretrial conference on November 8, 2018, at 10:00 AM. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 19.

Dated: October 30, 2018
       New York, New York

                                                Edgardo Ramos, U.S.D.J.